UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20503-GAYLES/TORRES

UNITED STATES OF AMERICA

v.

BRIANA MICHELLE SANDERS,

    Defendant.
_____/

**ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE**

**THIS CAUSE** comes before the Court on Chief Magistrate Judge Edwin G. Torres' Report and Recommendation on Defendant's Motion to Dismiss Indictment (the "Report"). [ECF No. 47]. On September 11, 2023, Defendant Briana Michelle Sanders ("Defendant") filed her Motion to Dismiss Indictment for Violation of Speedy Trial (the "Motion"). [ECF No. 37]. The Motion was referred to Judge Torres the next day. [ECF No. 38]. The Government filed its Response in opposition to Defendant's Motion on October 5, 2023, [ECF No. 43], and Defendant filed her Reply on October 19, 2023, [ECF No. 46].

Judge Torres issued his Report on November 13, 2023. Both sides filed objections to the Report. [ECF Nos. 51, 52]. As both sides objected to some of Judge Torres' factual findings, this Court held an evidentiary hearing on December 19, 2023.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see*

*also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Having conducted a *de novo* review of the record, this Court agrees with Judge Torres' analysis and conclusion that the Motion must be denied. However, based on the evidence produced at the hearing, this Court disagrees with three of the Report's factual findings: that there was an 18-month pre-indictment delay, [ECF No. 47 at 7]; that Defendant made more than one appearance in state court after her arrest, *id*. at 2–3, 9; and that law enforcement did not use reasonable diligence to locate Defendant, *id*. at 3, 9–10. First, at the hearing, the parties agreed that there was a six (6) month day between Defendant's state arrest and her federal indictment. Second, law enforcement only had one opportunity to look for Defendant in state court as she only had one hearing (by Zoom) after the indictment. Third, law enforcement's attempts to locate Defendant were reasonable under the circumstances. At the hearing, Detective Sandra Marquez, who the Court finds credible, testified that she conducted periodic (every two weeks to a month) database searches for Defendant. Marquez also testified that law enforcement officers conducted surveillance and told Defendant's state public defender and her mother (who admitted having periodic contact with Defendant by various telephone numbers and social media accounts) about the pending federal indictment and arrest warrant. Therefore, the reason for the post-indictment delay does not weigh against the Government.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Defendant Briana Michelle Sanders' Objections to Report and Recommendation on Motion to Dismiss Indictment, [ECF No. 51], are **OVERRULED**;

(2) The United States' Objections to the Report and Recommendation, [ECF No. 52], are **SUSTAINED**;

(3) Except for the contrary findings specified in this Order, Judge Torres' Report and Recommendation on Defendant's Motion to Dismiss Indictment, [ECF No. 47], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference; and

(4) Defendant Briana Michelle Sanders' Motion to Dismiss Indictment for Violations of Speedy Trial, [ECF No. 37], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of January, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE